**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BIG APPLE TUTORING LLC., <br><br> Plaintiffs, <br><br> v. <br><br> BIG APPLE EDUCATION CENTER, INC. and CAMBRIDGE EDUCATIONAL CENTER, INC., <br><br> Defendants. | Civil Action No.: 14-CIV-9198 (CM) <br><br><br><br><br><br> **March 12, 2015** |

**RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant, Big Apple Education Center, Inc., ("Defendant"), respectfully submits the following initial disclosures of information reasonably available as of this date pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"). These initial disclosures are based on information reasonably available to Defendant at this time and are made without prejudice to the production during discovery or at trial of such data, information, or documents as are subsequently discovered, generated, determined to be relevant, or determined to have been omitted from these disclosures. Defendant reserves the right to amend or supplement these initial disclosures as provided in FRCP 26(e) based on further investigation and discovery, to the extent further disclosures are not mooted by future discovery responses.

By making these initial disclosures, Defendant does not waive, and expressly reserves, all applicable objections to the use or production of any of the information or documents referenced herein, including, without limitation, objections based on the attorney-client privilege, the work product doctrine, any other applicable privilege, and the law governing discovery and the admission of evidence. By referring to documents in these initial disclosures, Defendant makes no

representations or admissions concerning the relevance, authenticity, or admissibility of any information, document, or category of documents identified herein. In addition, the designation of documents by category does not constitute a representation that all documents within the scope of that category do not constitute a representation that all documents within the scope of that category are within Plaintiffs' possession, custody or control. Defendant expressly reserves the right to object on any basis to any discovery requests propounded by Defendant, including, without limitation, relevancy, overbreadth, and burden.

I.  **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

Defendant identifies the following individual(s) who is/are likely to have discoverable information that Defendant may use to support its claims or defenses. In making these disclosures, Defendant does not waive its right to object to discovery of information from any of these individuals, or any other individuals, including by deposition or otherwise.

Defendant does not consent or authorize communications with Defendant's employees, directors, attorneys, or committee members, whether formerly or currently associated with or employed by Defendant, and does not consent to or authorize any communication otherwise prohibited by any applicable rule of professional conduct. Please direct any communications to individuals whose contact information is indicated as being related to Defendant to the following Song Law Firm counsel:

Howard Z. Myerowitz, Esq.
SONG LAW FIRM, LLC
400 Kelby St. Seventh Fl.
Fort Lee, New Jersey 07024
Telephone: 201-461-0031
Facsimile: 201-461-0032
E-mail: hmyerowitz@songlawfirm.com

| INDIVIDUAL | ADDRESS/PHONE | SUBJECT |
|---|---|---|
| Sam Ahn | Contact through Song Law Firm | Mr. Ahn is the President of the Defendant and can present discoverable information relation to the Answer and Affirmative Defenses |
| All individuals | | |

| identified by Plaintiff | | |
|---|---|---|

Defendant reserves the right to supplement its response to this initial disclosure as more information becomes available. Defendant expressly reserves the right to identify or to call at trial additional or different individuals as witnesses on the same topics disclosed above.

**II.    A copy of, or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Based upon presently available information, the following categories describe documents, electronically stored information, and tangible things that Defendant may use to support its claims and defenses. Defendant reserves the right to identify and use documents from additional categories if, during the course of discovery and investigation relating to this case, Defendant learns that such additional categories contain relevant documents. Defendant also reserves the right to use additional categories of documents to rebut or respond to the contentions and allegations that Plaintiff may make.

Defendant states that it may use the following categories of documents and tangible things in its possession, custody, or control, and which are currently located either at Defendant's principle place of business located at 1556 Third Avenue, Suite 300, New York, NY 10128 or at the offices of its attorneys, to support its claims in this matter:

1. Documents concerning Defendant's ownership and/or use of BIG APPLE EDUCATION trademarks;

2. Documents concerning Defendant's ownership and/or use of BIG APPLE EDUCATION website; and

3. Documents concerning Defendant's educational services

Defendant hereby reserves the right to amend and/or supplement the foregoing responses with other categories of documents or tangible things which may be revealed during the course of discovery.

**III.     A computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

As discovery has not yet commenced, Defendant reserves the right to supplement this disclosure as documents or other evidentiary materials necessary to compute damages in this case become available.

**IV.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

No such insurance agreements exist.

Dated: Fort Lee, New Jersey
       March 12, 2015

                                    SONG LAW FIRM, LLC


                            By:  ___/s/ Howard Z. Myerowitz___
                                    Howard Z. Myerowitz, Esq.
                                    SONG LAW FIRM, LLC
                                    400 Kelby St. Seventh Fl.
                                    Fort Lee, New Jersey 07024
                                    Telephone: 201-461-0031
                                    Facsimile: 201-461-0032
                                    E-mail: hmyerowitz@songlawfirm.com

**CERTIFICATION OF SERVICE**

I hereby certify that on March 12, 2015, the forgoing DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES was served via ECF to Plaintiff's counsel listed below:

Kevin Fritz, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
kaf@msf-law.com

Dated: Fort Lee, New Jersey
March 12, 2015

                        SONG LAW FIRM, LLC

                 By:   */s/ Howard Z. Myerowitz*
                      Howard Z. Myerowitz, Esq.
                      SONG LAW FIRM, LLC
                      400 Kelby St. Seventh Fl.
                      Fort Lee, New Jersey 07024
                      Telephone: 201-461-0031
                      Facsimile: 201-461-0032
                      E-mail: hmyerowitz@songlawfirm.com